**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THE MIDDLE EAST FORUM** : | **CIVIL ACTION NO. 21-cv-00310** |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **LISA REYNOLDS-BARBOUNIS** : | |
| : | |
| **Defendant.** : | |

**[PROPOSED ORDER]**

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff, The Middle East Forum's Motion for Default Judgment on Liability pursuant to Fed. R. Civ. P. 55(b)(2), and any response thereto, it is hereby **ORDERED** that the Motion is hereby **GRANTED**, and that a **JUDGMENT BY DEFAULT** is hereby **ENTERED, AS TO LIABILITY ONLY,** in favor of Plaintiff, The Middle East Forum, and against Defendant, Lisa Reynolds-Barbounis, on the claims asserted in Counts I and II of Plaintiff's Complaint (Doc. 1) (referred to in the Complaint as "First Cause" and "Second Cause").

**BY THE COURT:**

_____
**JUAN R SANCHEZ**, **CHIEF JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THE MIDDLE EAST FORUM** | : | CIVIL ACTION NO. 21-cv-00310 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **LISA REYNOLDS-BARBOUNIS** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION FOR DEFAULT JUDGMENT ON LIABILITY

Plaintiff, the Middle East Forum, hereby files this Motion for Default Judgment on Liability pursuant Fed. R. Civ. P. 55(b)(2), respectfully requesting that this Court enter a Judgment by Default, on liability only, in favor of Plaintiff and against Defendant, Lisa Reynolds-Barbounis, on claims asserted in Counts I and II of Plaintiff's Complaint (referred to in the Complaint as "First Cause" and "Second Cause"). In support of this Motion, Plaintiff relies on the supporting Memorandum of Law, attached hereto pursuant to Local Rule 7.1(c).

Respectfully submitted,

**Sidney L. Gold & Associates, P.C.**

/s Sidney L. Gold
Sidney L. Gold, Esq.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999 – Office
SGold@DiscrimLaw.net

Attorneys for Plaintiff, The Middle East Forum

Date: April 27, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE MIDDLE EAST FORUM** : | CIVIL ACTION NO. 21-cv-00310 |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | |
| : | |
| **LISA REYNOLDS-BARBOUNIS** : | |
| : | |
| **Defendant.** : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT ON LIABILITY**

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 22, 2021, Plaintiff, The Middle East Forum ("MEF"), commenced this action by filing a Complaint against its former employee, Lisa Reynolds-Barbounis ("Barbounis"), pursuant to The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq. The well-pleaded and detailed factual averments of the Complaint establish, for purposes of the RICO statute, that Barbounis, while employed by MEF, engaged in a deceitful pattern of racketeering activity through her control of and participation in the management and operation of MEF, which is an "enterprise" affecting interstate or foreign commerce.  Complaint, 1/22/21 (Doc. 1).  As set forth at length in the RICO Complaint, this pattern of racketeering activity was furthered and perpetuated by Barbounis' repeated and continuing acts of wire fraud and theft of trade secrets.  Id. MEF has been injured in its business as a direct result of Barbounis' predicate acts of racketeering. Id.

On January 28, 2021, in compliance with Fed. R. Civ. P. 4(d)(1), MEF's counsel mailed to Barbounis, at her Philadelphia residence via regular and certified mail, a copy of the Complaint along with a Notice of Lawsuit and Request to Waive Service of Summons ("Notice

of Lawsuit") and a Waiver of Service of Summons ("Waiver"). The Complaint, Notice of Lawsuit and Waiver were mailed along with a letter addressed to Barbounis. See Exhibit "A" attached hereto (Letter from Sidney L. Gold, Esq. to Lisa Reynolds-Barbounis, 1/28/21, with Complaint, Notice of Lawsuit and Waiver). Barbounis failed to return a signed Waiver to MEF's counsel within the thirty-day period permitted by Rule 4(d) – or at any time thereafter - as the result of which MEF proceeded to personally serve Barbounis with the Complaint and Summons. After failing to serve Barbounis personally at her Philadelphia residence, MEF's process server located her at her other residence, in Arlington, Virginia, and served her personally with the Complaint and Summons on March 16, 2021. Proof of Service, 3/17/21 (Doc. 3). As a result of the filing of the Proof of Service, a Docket Text was entered on March 17, 2021, noting that Barbounis had been served with the Complaint and Summons on March 16, 2021, and that her answer was due by April 6, 2021. Docket Text, 3/17/21 (Doc. 3).

Barbounis did not answer or respond to the Complaint by April 6, 2021, and she still has not filed an answer or response. Accordingly, on April 7, 2021, MEF's counsel filed a Praecipe to Enter Default pursuant to Fed. R. Civ. P. 55(a). Praecipe, 4/7/21 (Doc. 4). On April 8, 2021, the Clerk entered a default against Barbounis. Docket Text, 4/8/21. Then, on April 8, 2021, MEF's counsel mailed to Barbounis, at her Philadelphia and Arlington addresses, the Praecipe to Enter Default and the Docket Text reflecting the entry of default. See, Exhibit "B" (Letter from Sidney L. Gold, Esq. to Barbounis, 4/8/21, with attachments). With a timely and proper default having been entered against Barbounis pursuant to Fed. R. Civ. P. 55(a), MEF now moves for a default judgment against Barbounis, on liability only, pursuant to Fed. R. Civ. P. 55(b).

## II.    LEGAL ARGUMENT

### A.    Applicable Standards

Fed. R. Civ. P. 55 governs the procedure that a plaintiff must follow to obtain a default judgment against a defendant who does not respond to a properly served complaint. First, where, as here, the plaintiff establishes the defendant's "fail[ure] to plead or otherwise defend . . . the clerk must enter [the defendant's] default". Fed. R. Civ. P. 55(a). Once a default has been entered, the plaintiff may then "apply to the court for a default judgment". Fed. R. Civ. P. 55(b)(2). A court should use its "sound judicial discretion" in determining whether to grant a default judgment. IBEW Local Union 98 Health & Welfare Fund v. N.W. Sign Industries, Inc., Civil Action No. 19-2910. 2021 WL 679346, at *2 (E.D. Pa. Feb. 22, 2021) (Sanchez, J.).

Before entering a default judgment, the court must determine whether it "has subject-matter jurisdiction and personal jurisdiction, whether service of process was proper, and whether the complaint establishes a legitimate cause of action against the defendant". Rios v. Mary Loves 1, No. 13-cv-1619, 2015 WL 5161314, at *8 (E.D. Pa. Sept. 2, 2015); see also Zurich American Insurance Company of Illinois v. Sunshine Trucking, LLC, Civil No. 5:20-cv-04481-JMG, 2021 WL 860413, at *1 (E.D. Pa. Mar. 8, 2021). As to the validity of the plaintiff's claim, "a district court may consider whether 'the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit mere conclusions of law.'" J&J Sports Productions, Inc. v. Ramsey, 757 F. App'x 93, 95 (3d Cir. 2018) (quoting Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008)). As with the case of a motion to dismiss, a court reviewing a motion for default judgment on liability must accept as true all well-pleaded factual allegations of the complaint, except those relating to damages, as though they are admitted or established by proof. Comdyne I, Inc. v. Corbin, 908

F.2d 1142, 1149 (3d Cir. 1990). The court should likewise accept all reasonable inferences that can be drawn from the complaint in favor of the plaintiff. Joe Hand Promotions, Inc. v. Yakubets, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014); see also DIRECTV, Inc. v. Pepe, 431 F.3d 161, 165 n. 6 (3d Cir. 2005) (stating that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true") (quoting Comdyne I, 908 F. 2d at 1149).[1]

Once jurisdiction, proper service, and a legitimate claim are established, under the guidelines established in Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), the district court must examine three additional factors to determine whether a default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct". See also IBEW, supra, at *2-3 (applying Chamberlain factors in favor of plaintiff).

### B. Jurisdiction and Service

As alleged in MEF's Complaint, the Court has federal subject matter jurisdiction over the action pursuant to 18 U.S.C. §1964 (the RICO statute) and 28 U.S.C. §1331. Doc. 1, Compl. at ¶5. The Court has personal jurisdiction over Barbounis because she is a resident of Philadelphia; MEF has its primary place of business here; and Barbounis was employed by MEF when she committed the wrongful acts. Compl. at ¶¶2-3, 7-8, 12-100 (Doc. 1).

---

[1] If the Court determines that the plaintiff has set forth a proper cause of action, it must then assess damages. Unlike liability, damages "cannot be awarded simply on the basis of the pleadings but must instead be established at an evidentiary hearing held pursuant to [R]rule 55(b)(2)", unless damages are "liquidated or computable" or the plaintiff otherwise submits such proof. Comdyne I, 908 F.2d at 1152. Because MEF's damages are unliquidated, if this Court grants a default judgment on liability, MEF will then request an evidentiary hearing for an assessment of damages. See also IBWE at *3 ("A party who defaults does not admit the amount of damages the plaintiff seeks . . . To determine the amount of damages, a court may make its determination by conducting a hearing or by receiving detailed affidavits from the plaintiff".); Fed. R. Civ. P. 55(b)(2).

4

In addition, Barbounis was properly served with the Complaint twice; first by mail at her Philadelphia address pursuant to Fed. R. Civ. P. 4(d); and second, after she had failed to return a signed Waiver, by personal service at her Virginia address. See Ex. A; Proof of Service, 3/17/21 (Doc. 3). Still, she has not answered or responded to the Complaint.

### C. Legitimacy of Cause of Action

MEF alleges that Barbounis violated two subsections of RICO: 18 U.S.C. §1962(c) and 18 U.S.C. §1962(d). §1962(c) provides, in relevant part, that "it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate of foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity … ". §1962(d) makes it illegal to conspire to commit a RICO violation.

The Complaint alleges, appropriately, that MEF is an "enterprise" for purposes of RICO. Compl. at ¶ 104. As a 501(c)(3) nonprofit organization, it is and at all relevant times has been a "legal entity". Compl. at ¶¶ 3, 104. The Third Circuit has recognized that corporations, partnerships, and other types of legal entities qualify as "enterprises" for purposes of the RICO statute. In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 364 (3d Cir. 2010).

Furthermore, for purposes of RICO, Barbounis, throughout the course of her employment at MEF as MEF's Executive Liaison and then its Director of Communications, conducted and managed the affairs of the enterprise, MEF. Compl. at ¶¶ 7-11, 105. The well-pleaded factual averments of the Complaint establish that in her roles at MEF, Barbounis had "some part in directing" the affairs of the enterprise. Antitrust Litig., supra, 618 F.3d at 364; Compl. at ¶¶ 107-121.

5

The Complaint alleges, with great factual specificity, a plethora of acts committed by Barbounis that constitute a pattern of racketeering activity. Compl. at ¶¶ 12-100, 107-128. As alleged, Barbounis, utilizing various forms of telecommunications, concocted, implemented, carried out and perpetuated a series of separate but interrelated schemes that spanned a period of at least 14 months from June 2018 to August 2019 while she was employed at MEF, and continued thereafter, which in combination constituted repeated predicate acts of wire fraud and theft of trade secrets proscribed by 18 U.S.C. §1343 and 18 U.S.C. §1832, respectively. Compl. at ¶¶ 12-100, 107-128. As specifically averred with abundant factual support, the conduct in furtherance of this pattern of racketeering, which MEF did not discover until it launched an investigation of Barbounis after she resigned from her employment in August of 2019, consisted of:

- Barbounis' knowing and intentional concealment from MEF of the theft of MEF funds by an individual with whom she was having an extramarital affair. Compl. at ¶¶ 12-34.

- Barbounis' willful abandonment of her important job duties for MEF pursuant to a hidden plan to (1) work exclusively for a U.K. based activist, (2) enrich herself through side deals at the expense of MEF, and (3) pursue the extramarital affair in Europe. Compl. at ¶¶ 35-71.

- Barbounis' theft, misappropriation, misuse, and unauthorized use of MEF confidential information including trade secrets. Compl. at ¶¶ 72-100.

As further alleged, Barbounis was able to carry out, implement, and perpetuate the unlawful schemes through multiple wire communications and deceptive acts occurring from at least June 2018 until August 2019. Compl. at ¶¶ 111-116.

The well-pleaded factual averments of the Complaint clearly establish that Barbounis engaged in a closed-ended pattern of racketeering activity for purposes of RICO. See 18 U.S.C. §1961(5) (defining "pattern" as requiring "at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after commission of a prior act of racketeering."). MEF has alleged numerous acts of racketeering pursuant to the unlawful schemes that establish a requisite "pattern". Furthermore, in line with Third Circuit authority, MEF's factual averments showing that Barbounis carried out separate schemes designed to harm MEF bolster the claim of a close-ended pattern of racketeering activity. Shearin v. E.F. Mutton Grp., Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

A pattern can also be shown through an "open-ended scheme". Id. at 1166. MEF has also alleged an open-ended scheme in the Complaint, asserting with much factual support that Barbounis' unlawful conduct poses a real threat that the conduct, particularly with respect to the consequences of her theft of trade secrets, will be repeated in the future. Compl. at pp. 1-2 (Introduction) and ¶¶ 97, 115(f), 121. As for the open-ended scheme, MEF has specifically alleged that "the fact that Barbounis conveyed, distributed and/or disseminated MEF Confidential Information including trade secrets to a third party after she had resigned from her employment with MEF, establishes that there is a real threat of continuity of the activity in the future". Compl. at ¶ 121.

The well-pleaded averments of the Complaint further establish that the pattern of racketeering activity involves the requisite "relatedness" and "continuity" to support a RICO claim. Kehr Packages, Inc. v. Fidelcor., Inc., 926 F.2d 1406, 1412, 1417 (3d Cir. 1991). Where, as here, a complaint alleges numerous acts of mail or wire fraud related to a common purpose of causing harm to the defendant, the relatedness requirement is met. Kehr, supra, 926 F.2d at

7

1417.  As for continuity, a plaintiff "may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time".  H.J. Inc. v. Northwestern Bell, 492 U.S. 229, 242 (1989).  Proof of the commission of multiple schemes, although relevant, is not a prerequisite to proving continuity. Id. Here, MEF has alleged the implementation by Barbounis of three separate unlawful schemes. MEF's allegations of a closed-ended pattern of racketeering occurring over a period of 14 months is sufficient to establish continuity under the controlling authority of the Third Circuit. See Swistock v. Jones, 884 F.2d 755, 759 (3d Cir. 1989) (reversing the dismissal of a RICO complaint alleging predicate acts of mail and wire fraud that occurred over a period of approximately 14 months); Tabas v. Tabas, 47 F.3d 1280, 1296-97 (3d Cir. 1995) (finding that there were proper allegations of closed-ended continuity based on durational aspect of scheme).  The Tabas Court, citing to Swistock, stated that a pattern of unlawful conduct continuing over a period of less than one year would be insufficient to establish continuity. Id. at 1293.  Here, the conduct extended well beyond one year.

 Finally, to complete a RICO claim, MEF has alleged direct injury to its business as the result of Barbounis' predicate acts of racketeering in violation of RICO. Compl. at ¶¶ 34, 71, 98-100, 122.

In summary, MEF has pleaded, with great factual support, a valid, legitimate, and plausible RICO claim to support the entry of a default judgment on liability.

### D. *Chamberlain* Factors

The last step – whether the Chamberlain factors favor granting a default judgment – weighs heavily in favor of MEF.  As to the first factor, MEF would be prejudiced in the absence of a default judgment because Barbounis' failure to respond to the Complaint would otherwise

8

leave MEF with no other means to vindicate the RICO violations. Chudley v. Matossin, Case No. 19-cv-03879-JMY, 2019 WL 6250926, at *6 (E.D. Pa. Nov. 21, 2019); see also, Grove v. Rizzi, 1857 S.P.A., No. 04-2053, 2013 WL 943283, at *2 (E.D. Pa. Mar. 12, 2013) (finding prejudice from defendant's failure to respond to complaint where failure caused, and would continue to cause, considerable delays); IBEW, supra, at *2 ("IBEW will be prejudiced if default judgment is not granted because it may be left without recourse for the delinquent payments.").

As to the second Chamberlain factor, "the court may presume that an absent defendant who has failed to answer has no meritorious defense, because it is not the court's responsibility to research the law and construct the parties' arguments for them". Joe Hand Promotions, supra, 3 F. Supp. 3d at 271-72 (internal citations and quotation marks omitted); see also, IBEW, at *3 (finding of absence of litigable defense is appropriate where defendant has made no substantive representations to the court).

The third Chamberlain factor also supports the entry of a default judgment. A defendant's culpability may be presumed where, as here, it "offers no reason for its failure to engage in the litigation process." Md. Cas. Co. v. Frazier Fam. Tr., Civil Action No. 13-211, 2014 WL 345218, at *4 (E.D. Pa. Jan. 30, 2014); see also E. Elec. Corp. of N.J. v. Shoemaker Const. Co.,657 F. Supp. 2d 545, 554 (E.D. Pa. 2009) ( defendant's failure to respond to complaint may qualify "as culpable conduct with respect to the entry of a default judgment – indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional or uncooperative"); IBEW at *3 ("As for [the defendant's] culpability, default in this case was caused by [its] refusal to plead, answer or otherwise respond to the suit" which "significantly delayed proceedings.").

### III. CONCLUSION

For all the foregoing reasons, it is respectfully requested that the Court grant this motion and enter a default judgment on liability (with respect to both counts of the Complaint) in favor of MEF and against Barbounis.

Respectfully submitted,

**Sidney L. Gold & Associates, P.C.**

/s Sidney L. Gold
Sidney L. Gold, Esq.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999 – Office
SGold@DiscrimLaw.net

**Sidkoff, Pincus & Green, P.C.**

/s Robert A. Davitch
Robert A. Davitch, Esq.
1101 Market Street, Suite 2700
Philadelphia, PA 19107
(215) 574-0600 – Office
(215) 574-0310 – Fax
rad@sidkoffpincusgreen.com

Attorneys for Plaintiff, The Middle East Forum

Date: April 27, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing to be served via regular mail upon the following:

Lisa Reynolds-Barbounis (Unrepresented Defendant)
2601 Pennsylvania Ave., Suite 1153
Philadelphia, PA 19130

Lisa Reynolds-Barbounis (Unrepresented Defendant)
2717 S. Walter Reed Drive
Arlington, Virginia 22206

**Sidney L. Gold & Associates, P.C.**

/s Sidney L. Gold
Sidney L. Gold, Esq.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999 – Office
SGold@DiscrimLaw.net

**Sidkoff, Pincus & Green, P.C.**

/s Robert A. Davitch
Robert A. Davitch, Esq.
1101 Market Street, Suite 2700
Philadelphia, PA 19107
(215) 574-0600 – Office
(215) 574-0310 – Fax
rad@sidkoffpincusgreen.com

Attorneys for Plaintiff, The Middle East Forum

Date: April 27, 2021